**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-01331-JAR |
| | ) |
| AAA AUTO INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Angela Nails for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court form.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against AAA Auto Insurance. In her complaint, plaintiff alleges that "the Progressive Insurance Company" did not provide "a payment" to her, even though "it is the responsibility of the Progressive Insurance Company to provide payment to the parties after finding out that there was a mistake made not to provide payment." (Docket No. 1 at 1). This "mistake" is vaguely described as a failure "to provide payment or allow a party to submit a claim for payment because…the Progressive Insurance

Company did not receive a statement." Even though plaintiff did not provide a statement, she states that she did "not give the Progressive Insurance Company permission to hold back a settlement payment." Further, plaintiff asserts that it is Progressive Insurance Company's responsibility to get a "witness statement from another party or another provider." For this reason, plaintiff alleges that Progressive Insurance Company "[failed] to follow the stated Civil Law of a Federal Tort for Negligence."

Plaintiff contends that she "is allowed to file a claim for damages" pursuant to Federal Rule of Evidence 411.[1] (Docket No. 1 at 2). She also alleges that Progressive Insurance did not "investigate properly," and if they had, "they would have known that there were documents of a party of the claim making a statement they were not watching the traffic or watching the roadway in front of them." As such, plaintiff is seeking "damages in the amount of $1,000,000.00 and the max of the insurance policy face value amount of the insurance company driver policy."

## Discussion

Plaintiff is a self-represented litigant who brings this action against AAA Auto Insurance, though she refers to the Progressive Insurance Company in the body of her complaint. Her claim arises from a payment she was allegedly supposed to receive, but did not. For the reasons discussed below, plaintiff's complaint is deficient and subject to dismissal. However, the Court will give her the opportunity to file an amended complaint on a Court form.

---

[1] This rule is titled "Liability Insurance" and provides in full: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for several reasons. First, the complaint is not on a Court form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff has not asserted a basis for the Court's jurisdiction, which she is required to do. *See V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (stating that the burden of proving subject matter jurisdiction belongs to the plaintiff). It appears that plaintiff is proceeding under diversity of citizenship jurisdiction. To that end, she has provided a St. Louis address for the Progressive Insurance Company, and a Michigan address for herself. However, plaintiff has not explicitly stated that she is a citizen of a different state than defendant, rather than merely a resident. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (stating that diversity jurisdiction requires that the parties be citizens of different states, not merely residents).

Finally, and most importantly, plaintiff has failed to state a claim. Plaintiff's allegations against Progressive Insurance Company are vague and confusingly worded. She contends that Progressive negligently failed to make an investigation and to pay her claim. However, she does not provide any facts to support this conclusory pleading, or to raise her right to belief above the speculative level. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Moreover, aside from alleging that Progressive Insurance Company did not pay her claim, and the ambiguous statement that it did not "investigate properly," plaintiff has not done enough to give notice to Progressive of what it actually did or did not do to harm her. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d

843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved"). In particular, plaintiff has not provided certain basic information such as when and where this event took place.[2]

Rather than dismiss this action, the Court will give plaintiff the opportunity to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print her amended complaint on the Court's civil rights form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed and identified. In particular, the Court notes that the caption in plaintiff's complaint identifies AAA Auto Insurance as the defendant, while the body of the complaint refers to Progressive Insurance Company. Plaintiff must reconcile that discrepancy in her amended complaint.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

---

[2] The Court notes that plaintiff brought a similarly-captioned lawsuit in this Court on April 15, 2015. *See Nails v. AAA Auto Insurance, et al.*, No. 4:15-cv-638-JAR (E.D. Mo.). The case was dismissed for lack of subject matter jurisdiction on May 1, 2015.

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring her "Statement of Claim," plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant.

Plaintiff is advised to avoid making legal arguments or providing case citations. She is also advised to avoid presenting conclusions or relying on labels in formulating her "Statement of Claim." *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Instead, plaintiff should present only factual allegations pertaining to what happened to her, when it happened, where it happened, what injuries she suffered, and what the defendant specifically did or failed to do that caused her harm.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided

form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit an amended complaint on a Court form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 4th day of December, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**