## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ANGELA NAILS,                          )
                                       )
      Plaintiff,             )
                                       )
    v.                            )          No. 4:20-cv-01331-JAR
                                       )
AAA AUTO INSURANCE,                    )
                                       )
      Defendant.             )

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Angela Nails' amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 5). For the reasons discussed below, the Court will direct plaintiff to file a second amended complaint in accordance with the instructions set forth in this order.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

Plaintiff is a self-represented litigant who filed a civil action against AAA Auto Insurance on September 23, 2020. (Docket No. 1). Despite naming AAA Auto Insurance as the defendant, the body of her complaint contained allegations regarding the Progressive Insurance Company. Specifically, plaintiff asserted that "the Progressive Insurance Company" did not provide "a payment" to her, even though "it is the responsibility of the Progressive Insurance Company to provide payment to the parties after finding out that there was a mistake made not to provide

2

payment." (Docket No. 1 at 1). As a result of this, plaintiff sought $1,000,000 in damages. (Docket No. 1 at 2).

Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. Following that review, the Court determined that plaintiff's complaint was subject to dismissal because it was not on a Court form, because it did not adequately assert the Court's jurisdiction, and because it failed to state a claim. (Docket No. 4 at 4-5). Plaintiff was ordered to file an amended complaint, which she submitted on January 4, 2021. (Docket No. 5).

## The Amended Complaint

Plaintiff's amended complaint is on a Court-provided civil complaint form, and names AAA Auto Insurance as the sole defendant. (Docket No. 5 at 2). The address given for AAA Auto Insurance is in Jefferson City, Missouri.

Plaintiff states that the basis of this Court's jurisdiction is diversity of citizenship. In support, she asserts that she is a citizen of the State of Georgia, while AAA Auto Insurance is incorporated under the laws of the State of Missouri. (Docket No. 5 at 3-4). Furthermore, plaintiff alleges that the amount in controversy is $1,000,000, which exceeds the $75,000 threshold. (Docket No. 5 at 4).

Due to the nature of plaintiff's "Statement of Claim," it is best repeated in full:

> The insurance Progressive Company for insured Caldwell admitted to looking left when and not forward when exiting interstate to drive interstate 35N. Merging onto high Caldwell did not see plaintiff [vehicle] on his left and the insured driver damaged the defendant and the plaintiff vehicle and the defendant did not give this statement to the plaintiff to [pursue] damage with the Progressive [Insurance] Company who Caldwell is insured through at the time of the accident 2014. The defendant hid the statement from the plaintiff up until 2020. The plaintiff ask the defendant for the statement 2014, 15.

3

(Docket No. 5 at 5). Plaintiff is seeking $1,000,000 in damages based on a claim with Progressive that "could not be made." (Docket No. 5 at 5-6).

## Discussion

Plaintiff is a self-represented litigant who has filed an amended complaint against AAA Auto Insurance. As with her original complaint, however, plaintiff has failed to state a claim. In order to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While plaintiff's factual allegations must be accepted as true, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

In this case, it is unclear that AAA Auto Insurance is liable for any misconduct. Rather than a short and plain statement of the factual allegations against AAA Auto Insurance, much of plaintiff's brief "Statement of Claim" recounts an auto accident between plaintiff and an individual named Caldwell, who was apparently insured by Progressive Insurance Company. Other than a conclusory allegation that AAA Auto Insurance hid a statement from her, there is no indication that AAA Auto Insurance did anything to harm her. That is, plaintiff presents no facts showing that AAA Auto Insurance had a responsibility to provide this statement to her, that their withholding of this statement was wrongful, or that their actions amounted to "hiding" anything from her.

Because plaintiff is a self-represented litigant, the Court will give her an opportunity to file a second amended complaint. In submitting the second amended complaint, plaintiff **must** follow the instructions set forth below.

## Amendment Instructions

Plaintiff should type or neatly print her second amended complaint on the Court's civil rights form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible. Plaintiff should fill out the complaint form in its entirety, including the sections pertaining to the Court's jurisdiction.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed and identified.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring her "Statement of Claim," plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant. Plaintiff must provide the approximate date that this event occurred. Moreover, for purposes of venue, plaintiff must indicate **where** the events in the complaint took place.

Plaintiff is advised to avoid making legal arguments or providing case citations. She is also advised to avoid presenting conclusions or relying on labels in formulating her "Statement of Claim." *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Instead, plaintiff should present only factual allegations pertaining to what happened to her, when it happened, where it happened, what injuries she suffered, and what the defendant specifically did or failed to do that caused her harm.

Both plaintiff's original complaint and amended complaint were extremely vague as to what AAA Insurance Company did or did not do to harm her. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). As such, plaintiff's factual allegations should focus on AAA Insurance Company's actions, rather than the actions of other parties.

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint and the amended complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to follow these directions, or make specific factual allegations

against AAA Insurance Company, will result in the dismissal of this action. Furthermore, if plaintiff fails to file a second amended complaint on a Court-provided form within thirty days, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this _8th_ day of _March_____, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE