UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-01331-JAR |
| | ) |
| AAA AUTO INSURANCE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On March 8, 2021, the Court directed plaintiff to file a second amended complaint within thirty days. (Docket No. 6). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who filed a civil action against AAA Auto Insurance on September 23, 2020. (Docket No. 1). She also filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On December 4, 2020, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 4). Because she was proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that her complaint was subject to dismissal. In particular, the Court noted that plaintiff had named AAA Auto Insurance as the defendant, but made factual allegations against Progressive Insurance instead. The Court also explained that the complaint was deficient because it was not on a Court-provided form, because it did not adequately assert the Court's jurisdiction, and because it failed

to state a claim. Plaintiff was ordered to file an amended complaint, which she submitted on January 4, 2021. (Docket No. 5).

In the amended complaint, plaintiff again named AAA Auto Insurance as the defendant. The allegations stemmed from an automobile accident in which plaintiff was insured by AAA Auto Insurance, while the driver who struck her was insured by Progressive. According to plaintiff, AAA Auto Insurance had some sort of "statement" showing that the driver who struck her "did not see" plaintiff's vehicle, but "hid" this statement from her until 2020. This allegedly kept plaintiff from pursuing a claim against Progressive.

Once again, the Court reviewed plaintiff's complaint and determined that it was subject to dismissal. (Docket No. 6). Specifically, the Court noted that plaintiff had not presented any facts establishing that AAA Auto Insurance was liable for any misconduct. To be sure, she concluded that AAA Auto Insurance wrongfully "hid" a statement from her. However, plaintiff provided no factual support to the effect that AAA Auto Insurance had a responsibility to provide this statement, that their withholding of the statement was wrongful, or that their actions actually prevented her from pursuing a claim against Progressive.

Rather than dismissing outright, the Court gave plaintiff the opportunity to file a second amended complaint. The Court's order included instructions on how to do so. Plaintiff was also sent a copy of the Court's civil complaint form. She was given thirty days in which to comply. The Court advised plaintiff that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As noted above, on March 8, 2021, the Court ordered plaintiff to file a second amended complaint within thirty days. She was advised that the failure to comply would result in the

2

dismissal of this action without prejudice and without further notice. The second amended complaint was due on or before April 7, 2021.

The deadline for plaintiff to file her second amended complaint has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file a second amended complaint. She has also failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of March 8, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of March 8, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st of April, 2021.

　　　　　　　　　　　　　　　　　　　　/s/ John A. Ross
　　　　　　　　　　　　　　　　　　　　JOHN A. ROSS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE